COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
  
  
  
  
  
 IN THE INTEREST OF M.E.W., A CHILD
 
 
 §
  
 §
  
 §
  
 §
  
 §
  
 § 
  
 §
 
 
  
  
 No. 08-11-00337-CV
  
 Appeal from the
  
 388th
 District Court
  
 of El
 Paso County, Texas 
  
 (TC# 2010CM2433) 
  
 
 


 

MEMORANDUM
 OPINION

On May 21, 2012, the
parties filed a joint motion stating that they have agreed to the entry of a
final order incorporating the terms of a Mediated Settlement Agreement in their
suit affecting the parent-child relationship and asking that we remand this
case to the trial court for rendition of a final judgment in accordance with their
agreement.[1]  See Tex.R.App.P. 42.1(a)(2)(B)(permitting
appeals court to dispose of appeal by setting aside the trial court’s judgment
and remanding the case to the trial court for rendition of judgment in
accordance with the parties’ agreement); Tex.R.App.P.
43.2 (d)(permitting appeals court to reverse the trial court’s judgment and
remand the case for further proceedings).

Because the
parties and their attorneys signed the settlement agreement and filed it with
the Clerk of this Court, we grant the motion. 
See Tex.R.App.P. 42.1(a)(2)(requiring settlement agreement to be
signed by the parties or their attorneys and filed with the clerk before
appeals court can dispose of appeal in accordance with the agreement).  Without reference to the merits, the judgment
of the trial court is set aside and the case is remanded to the trial court for
rendition of a final judgment in accordance with the parties’ agreement.  Finally, we do not address the matter of
costs inasmuch as Aracely Barraza has been determined indigent for purposes of
this appeal.

 

 

July 31, 2012

                                                                                    CHRISTOPHER
ANTCLIFF, Justice

 

Before McClure, C.J., Rivera, and Antcliff, JJ.











[1]
Because the agreed final order did not contain the signature of the amicus
attorney appointed by the trial court to this case, we held our ruling in
abeyance to provide the amicus attorney the opportunity, if she so chose, to
respond.  See Tex.Fam.Code Ann.
§ 107.003(1)(I)(West 2008)(requiring an amicus attorney appointed in a suit
affecting the parent-child relationship, among other duties, to “review and
sign, or decline to sign, a proposed or agreed order affecting the child.”).  The amicus attorney did not respond.